## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| JAMES REPIKA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| PORTFOLIO RECOVERY ASSOCIATES, LLC, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

## INTRODUCTION

1.     Plaintiff James Repika brings this action to secure redress from unlawful credit and collection practices engaged in by defendant Portfolio Recovery Associates, LLC. ("PRA").  Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

## VENUE AND JURISDICTION

2.     This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331 and 28 U.S.C. §1337.

3.     Venue and personal jurisdiction in this District are proper because:

a.     Defendant's collection communications were received by plaintiff within this District;

b.     Defendant does or transacts business within this District.

## PARTIES

4.     Plaintiff James Repika  is an individual who resides in the Northern District of Illinois.

5.     Defendant Portfolio Recovery Associates, LLC  is a limited liability company with its principal place of business at 120 Corporate Boulevard, Norfolk, Virginia.  It does business in Illinois.  Its registered agent and office is National Registered Agents Inc., 200 West

1

Adams Street, Chicago, Illinois 60606.

6.     Defendant PRA is engaged in the business of buying bad debts allegedly owed by consumers for a small fraction of face value (under 5%) and enforcing the debts against the consumers.

7.     PRA frequently files suit on these alleged debts.   PRA has filed hundreds of lawsuits in Illinois courts.

8.     PRA uses the mails and telephone system in conducting its business.

9.     Because the purported obligations were originally owed to other entities and were charged off prior to purchase, PRA is a "debt collector" as defined in the FDCPA.

10.     Portfolio Recovery Associates, LLC is a debt collector as defined in the FDCPA.

## FACTS

11.     On or about March 4, 2010, defendant sent plaintiff a collection letter, attached as <u>Exhibit A</u>.

12.     <u>Exhibit A</u> sought to collect an alleged debt incurred for personal, family or household purposes and not for business purposes.

13.     By letter dated March 18, 2010, plaintiff informed defendant that he was represented by counsel and disputed the debt.   A copy of the March 18, 2010 letter and fax transmission receipt are attached as <u>Exhibit B</u>.

14.     Defendant thereupon sent correspondence to plaintiff's counsel regarding the debt.   See <u>Exhibit C</u>.

15.     Thereafter, defendant resumed dunning plaintiff directly.

16.     On July 28, 2010, defendant sent plaintiff the letter attached as <u>Exhibit D</u>.

## COUNT I – FDCPA

17.     Plaintiff incorporates paragraphs 1-16.

18.     Defendant violated 15 U.S.C. §1692c by contacting a represented party

2

directly.

19.     Section 1692c provides:

**§ 1692c.  Communication in connection with debt collection**

**(a) Communication with the consumer generally.  Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt–**

> **. . .    (2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer; . . .**

WHEREFORE, the Court should enter judgment in favor of plaintiff and against defendant for:

(1)     Statutory damages;

(2)     Attorney's fees, litigation expenses and costs of suit;

(3)     Such other and further relief as the Court deems proper.

<u>s/Daniel A. Edelman</u>
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Francis R. Greene
EDELMAN, COMBS, LATTURNER
       & GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

T:\24307\Pleading\Complaint_Pleading.wpd

3

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards.   All rights relating to attorney's fees have been assigned to counsel.


s/Daniel A. Edelman
Daniel A. Edelman


Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
        & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

4